**In re Lena SWANSON, Non–Attorney Practitioner.**

No. 03–8003.

United States Court of Appeals for Veterans Claims.

Oct. 2, 2003.

Before FARLEY, STEINBERG, and GREENE, Judges.

### ORDER

PER CURIAM:

On February 19, 2003, the Clerk of the Court entered a nondisciplinary order of

suspension pursuant to Rule 9(b) of the Court's Rules of Admission and Practice (Rules) upon receiving information from the respondent's sponsoring agency, the American Ex–Prisoners of War, that it had cancelled her accreditation. Thereafter, the Clerk's office requested and obtained copies of documents from the United States District Court for the Western District of Washington relating to the respondent's conviction in April 2002 for violation of 38 U.S.C. § 5905, a misdemeanor, by unlawfully receiving funds while serving as a veterans service officer. Accordingly, the Clerk of the Court referred the matter to the Chief Judge pursuant to Rule 7(c)(1) of the Rules. The Chief Judge determined that the conviction "may potentially affect the professional character" of the respondent, and, therefore, referred the matter to this panel. U.S. VET.APP. R. ADM. & PRAC. 7(c)(1).

The records of the Court show that the respondent has appeared in nine cases before this Court as a non-attorney practitioner. The Court also notes that the respondent has not notified the Clerk of the Court of her "loss of sponsorship," as required by Rule 4(c) of the Rules. U.S. VET.APP. R. ADM. & PRAC. 4(c)(1)(F). Given the nature of the respondent's crime and its direct relationship to the representation of veterans, this panel has determined that the Court should proceed as in the case of a "serious crime" under Rule 7(b)(2) of the Rules. U.S. VET.APP. R. ADM. & PRAC. 7(c)(2)(B) (as amended by Misc. No. 3–03 (May 16, 2003) (en banc order)); see also id. at R. 7(b)(3) (defining "serious crime" as including a nonfelony that "involves moral turpitude").

By order dated July 29, 2003, the Court, pursuant to Rule 7(b)(2) of the Rules, ordered that, not later than 30 days after the date of that order, the respondent show cause why her admission to practice before this Court should not be revoked. See U.S. VET.APP. R. ADM. & PRAC. 5(a), (b); see also id. at R. 7(b)(3). The respondent failed to respond to the Court's order.

Accordingly, pursuant to Rule 7(b)(2)(B), it is

ORDERED that the respondent's admission to practice before this Court is revoked.